Martin, J.
delivered the opinion of the court. The plaintiffs state that they delivered to the defendant, sheriff of the parish of New-Orleans, two writs of seizure and sale, on which he seized and sold a plantation, at one year’s credit, and they requested him to deliver them the mortgage and security, which he was bound to take, on such a sale, according to the act of the legislature of the 25th of March, 1808, that he tendered to them a paper purporting to be a bond, but which they allege by no means answers the letter or intent of the act.
The defendant answers that he did duly and legally execute the two writs, put into his hands by the plaintiffs, that no exception was made by them to the manner in which the bond, mortgage and security were taken ; but on the contrary, they sanctioned the mode, by exceptions to the solvency of the sureties—that the mortgage and security are taken according to law and the usage and practice, which has hitherto prevailed, and been universally acquiesced in, *270 that the sureties were, and are still, solvent, that the deed of sale and mortgage were duly recorded, and the plaintiffs may, at all times, obtain certified copies thereof, and the defendant has ever been ready to deliver the bond, &c.
There was a verdict and judgment below for the defendant, and the plaintiffs appealed.
It is admitted that the plaintiffs have, since the present suit was instituted, received the whole money due to them, and the contest is only about the costs.
There was no deed of mortgage, executed by the vendees, but the sheriff gave them a bill of sale, reciting the writs of seizure and sale, the seizure and sale under them, and that the vendees became the purchasers of the property seized, at the third and last auction, at one year’s credit, according to law: there was a reservation of the mortgage in case of non-payment. The deed was signed by the sheriff only, and not by the vendees. They gave their bond, the preamble of which recites the particulars of the sale, and refers to the act of the legislature, and expressly mentions the reservation of the mortgage.
Seghers, for the plaintiffs; Hennen, for the defendant.
Evidence was given that this mode of conveying land, sold at a sheriff's sale, universally prevails.
The plaintiffs contend, that the vendees ought to have been required by the sheriff to execute a deed of mortgage before a notary.
This court is of opinion that the verdict of the jury and the judgment thereon are correct. In sales, under an order of court, the sheriff is to convey, without the interference of a notary, and if the law imposes any condition to be fulfilled by the vendee, it is meet they should be expressed in the deed of conveyance, and as the estate transferred passes, without the signature of the vendee, by his acceptance of the deed, it must pass cum onere, when the law does not authorise an absolute conveyance. The acceptance, however, in this case, is fully evidenced by the bond, executed by the vendees, which recites the sheriff’s sale and makes an express reservation of the mortgage.
It is therefore ordered, adjudged and decreed that the judgment of the parish court be affirmed with costs.